FILED

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

99 MAR 18 PM 2:57

U.S. DISTRICT COURT
N.D. OF ALABAMA

LINDA JEAN HOLDER,              )
                                )
    PLAINTIFF,                  )
                                )
VS.                             )   CV-98-H-0286-S
                                )
JEFFERSON COUNTY DEPARTMENT     )
OF HEALTH; and COOPER GREEN     )
HOSPITAL,                       )
                                )
    DEFENDANTS.                 )

ENTERED
MAR 18 1999

## MEMORANDUM OF DECISION

The Court has before it the December 1, 1998 motions of defendants Jefferson County Department of Health and Cooper Green Hospital for summary judgment. Pursuant to the Court's December 2 and December 16, 1998 orders, the motions were deemed submitted, without oral argument, on January 29, 1999.

### I. Procedural History

Plaintiff Linda Jean Holder commenced this action on February 5, 1998 by filing a complaint in this Court alleging that she was wrongfully terminated from her employment with defendant Jefferson County Department of Health and, upon being transferred to defendant Cooper Green Hospital, was wrongfully terminated from her employment with Cooper Green Hospital.

46

Plaintiff further alleged that Jefferson County Department of Health failed to consider plaintiff for subsequent openings as radiologist technician and medical assistant because of plaintiff's age. Plaintiff contended that defendant's alleged conduct constitutes (1) disparate treatment by Jefferson County Department of Health on the basis of age in violation of the Age Discrimination in Employment Act (ADEA) and (2) retaliation by Jefferson County Department of Health and Cooper Green Hospital in violation of the ADEA.[1] Defendants' December 1, 1998 motions for summary judgment assert that plaintiff has failed to establish a prima face case for any of plaintiff's claims. Plaintiff filed several pleadings in opposition to the motions in December 1998 and January 1999.[2]

---

[1] Plaintiff's original complaint contained claims under 42 U.S.C. §§ 1981 & 1983 and Title VII. On March 25, 1998, the Court dismissed the claims and gave plaintiff leave to file an amended complaint against Jefferson County Department of Health and/or Cooper Green Hospital for ADEA retaliation and against Jefferson County Department of Health for ADEA disparate treatment. Plaintiff filed an amended complaint on April 23, 1998 which stated claims against Jefferson County Department of Health for disparate treatment under the ADEA and against Jefferson County Department of Health and Cooper Green Hospital for retaliation under the ADEA.

[2] Upon receipt of plaintiff's statement that she had no objection to withdrawal of representation by her attorney, the Court granted plaintiff counsel's motion to withdraw on December 28, 1998.

## II. Standards for Evaluating a Summary Judgment Motion

Under Federal Rule of Civil Procedure 56(c), summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). The party asking for summary judgment always bears the initial responsibility of informing the court of the basis for its motion and identifying those portions of the pleadings or filings which it believes demonstrate the absence of a genuine issue of material fact. Id. at 323. Once the moving party has met his burden, Rule 56(e) requires the nonmoving party to go beyond the pleadings and by his own affidavits, or by the depositions, answers to interrogatories, and admissions of file, designate specific facts showing that there is a genuine issue for trial. Id. at 324.

The substantive law will identify which facts are material and which are irrelevant. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). All reasonable doubts about the facts and all justifiable inferences are resolved in favor of the non-movant. Fitzpatrick v. City of Atlanta, 2 F.3d 1112, 1115 (11th

Cir. 1993). A dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson, 477 U.S. at 248. If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted. Id. at 249.

The method used by the party moving for summary judgment to discharge its initial burden depends on whether that party bears the burden of proof on the issue at trial. See Fitzpatrick, 2 F.3d at 1115-17 (citing United States v. Four Parcels of Real Property, 941 F.2d 1428 (11th Cir. 1991)(en banc)). If the moving party bears the burden of proof at trial, then it can only meet its initial burden on summary judgment by coming forward with positive evidence demonstrating the absence of a genuine issue of material fact; i.e. facts that would entitle it to a directed verdict if not controverted at trial. Fitzpatrick, 2 F.3d at 1115. Once the moving party makes such a showing, the burden shifts to the non-moving party to produce significant, probative evidence demonstrating a genuine issue for trial.

If the moving party does not bear the burden of proof at trial, it can satisfy its initial burden on summary judgment in either of two ways. First, the moving party may produce affirmative evidence negating a material fact, thus demonstrating

4

that the non-moving party will be unable to prove its case at trial. Once the moving party satisfies its burden using this method, the non-moving party must respond with positive evidence sufficient to resist a motion for directed verdict at trial.

The second method by which the moving party who does not bear the burden of proof at trial can satisfy its initial burden on summary judgment is to <u>affirmatively</u> show the absence of evidence in the record to support a judgment for the non-moving party on the issue in question. This method requires more than a simple statement that the non-moving party cannot meet its burden at trial but does not require evidence negating the non-movant's claim; it simply requires the movant to point out to the district court that there is an absence of evidence to support the non-moving party's case. <u>Fitzpatrick</u>, 2 F.3d at 1115-16. If the movant meets its initial burden by using this second method, the non-moving party may either point out to the court record evidence, overlooked or ignored by the movant, sufficient to withstand a directed verdict, or the non-moving party may come forward with additional evidence sufficient to withstand a directed verdict motion at trial based on the alleged evidentiary deficiency. However, when responding, the non-movant can no longer rest on mere allegations, but must set forth evidence of

specific facts. <u>Lewis v. Casey</u>, 518 U.S. 343, 358 (1996) (citing <u>Lujan v. Defenders of Wildlife</u>, 504 U.S. 555, 561 (1992)).

### III. Relevant Undisputed Facts

According to her employment records, plaintiff was born on November 18, 1954. (Samuelson Aff. ¶ 2 & Exh. 1.) On December 6, 1993, Jefferson County Department of Health hired plaintiff; plaintiff worked as a radiological technologist at the Western Health Center. (Samuelson Aff. ¶¶ 2, 3 & Exh. 1.) In the summer of 1996, Jefferson County Department of Health initiated a reduction in force because of the lack of work at the Western Health Center. (Samuelson Aff. ¶ 4.) Dr. Michaelson, Director of Finance and Administration of Jefferson County Department of Health, notified Ben Payton at the Jefferson County Personnel Board that, in accordance with the Rules of the Personnel Board and due to the lack of work, it was necessary for Jefferson County Department of Health to reduce two staff members at the Western Health Center effective September 27, 1996 in several classes, including the class of radiological technologist. (Samuelson Aff. ¶¶ 4, 5 & Exh. 2.) Payton responded with a list of employees with the least seniority in the classes subject to reduction. (Samuelson Aff. ¶ 6 & Exh. 3.) Plaintiff, who was the least senior radiological technologist, was subsequently

notified that she would be laid off effective October 4, 1996 due to a lack of funds. (Samuelson Aff. ¶¶ 6, 8 & Exhs. 3, 4.) Plaintiff was informed that her name would be placed on a layoff list with the Personnel Board for two years and would be considered for future openings. (Samuelson Aff. ¶ 8 & Exh. 4.) Plaintiff was terminated solely because of the reduction in force and lack of funds and because she was the radiological technologist with Jefferson County Department of Health with the least seniority. (Samuelson Aff. ¶¶ 9, 19 & Exh. 5.)

On September 20, 1996, plaintiff requested a transfer to defendant Cooper Green Hospital effective October 5, 1996 in accordance with the Personnel Board Rules. (Samuelson Aff. ¶ 10 & Exh. 7.) Cooper Green Hospital is an operating department of Jefferson County, Alabama and is not affiliated with the Jefferson County Department of Health, a state agency. (Epps Aff.) According to Personnel Board Rules, Jefferson County Department of Health could approve the transfer from Jefferson County Department of Health but could not require Cooper Green Hospital to accept plaintiff as an employee. (Samuelson Aff. ¶ 10.) Jefferson County Department of Health approved the transfer. (Samuelson Aff. ¶ 10.) On September 23, plaintiff obtained the necessary signatures of County Commissioner Jeff

Germany and Cooper Green Hospital Chief Executive Officer Max Michael, but the transfer was never approved by the Director of the Personnel Board. (9/20/96 Personnel Board of Jefferson County, Alabama Request for Transfer of Linda Holder.)

On September 24, 1996, plaintiff telephoned Huberta Mayfield, Cooper Green Hospital's Personnel Director, to inquire as to when she could begin work as a radiological technician in the hospital's radiology department. (Mayfield Aff.) Plaintiff informed Mayfield that on the previous day plaintiff had met with the supervisor of Cooper Green Hospital's radiology department, Addie Jackson, and that the two had "walked through" the transfer request form. (Mayfield Aff.) Mayfield told plaintiff that she knew nothing of the transfer but would investigate the matter. (Mayfield Aff.) Mayfield's query revealed that on the previous day, September 23, plaintiff and Jackson had represented to Michael that a radiological technician vacancy existed in the hospital's radiology department and thereby obtained Michael's approval of the transfer. (Michael Aff.) In fact, no such vacancy existed. (Epps Aff.) On or about September 25, 1996, Mayfield telephoned plaintiff and advised her that no radiological technician vacancy existed and therefore plaintiff could not be transferred. (Mayfield Aff.) Mayfield followed up

8

the telephone call with a letter dated October 1, 1996. (10/1/96 Letter from Huberta Mayfield to Linda Jean Holder.)

In late September and early October of 1996, Jefferson County Department of Health advertised for openings for the positions of radiological technologist and senior radiological technologist. (Pl.'s "Motion in Opposition to Defendants['] Motion for Summary Judg[]ment" Exhs. F, H, I.)

In September 1996, Jefferson County Department of Health asked the Personnel Board to add a position of medical assistant at the Western Health Center. (Samuelson Aff. ¶ 11.) The duties to be performed by the medical assistant required that the person successfully complete the examination to qualify as a certified medical assistant. (Samuelson Aff. ¶ 11 & Exhs. 8, 9.) On December 23, 1996, Jefferson County Department of Health hired Cynthia Strickland as a provisional medical assistant. (Samuelson Aff. ¶ 13 & Exhs. 11 & 12.) Strickland was a graduate of University of Alabama at Birmingham and became a certified medical assistant in January 1980. (Samuelson Aff. ¶ 13 & Exhs. 13 & 14.) Plaintiff never met the minimum qualifications or held the necessary certification to be considered for the position of medical assistant. (Samuelson Aff. ¶ 21 & Exh. 1.)

On December 4, 1996, Jackson received a notice of contemplated disciplinary action from Cooper Green Hospital. (12/4/96 Notice to Employee of Contemplated Disciplinary Action/Adverse Personnel Action to Addie Jackson.) Jackson was terminated on December 30, 1996. (12/30/96 Notice to Employee of Disciplinary Action to Addie Jackson.) On February 5, 1997, plaintiff filed a charge of discrimination with the EEOC against Jefferson County Department of Health, which was subsequently amended to include a charge against Cooper Green Hospital. (2/5/97 EEOC Charge; 3/12/97 EEOC Amended Charge.) Jackson filed a charge of discrimination on April 2, 1997 with the EEOC and subsequently filed a lawsuit against Cooper Green Hospital and the Jefferson County Personnel Board based on the termination. (4/2/97 EEOC Charge by Addie Jackson; Compl., <u>Jackson v. Cooper Green Hosp.</u>)

In October 1997, Jefferson County Department of Health required further reductions in force due to lack of work. (Samuelson Aff. ¶ 19.) The reduction in force eliminated all but one of the radiological technologist positions. (Samuelson Aff. ¶ 19.)

### IV. Applicable Substantive Law and Analysis

Plaintiff's amended complaint alleges (1) disparate

10

treatment by Jefferson County Department of Health on the basis of age in violation of the Age Discrimination in Employment Act (ADEA) and (2) retaliation by Jefferson County Department of Health and Cooper Green Hospital in violation of the ADEA. Defendants' motions for summary judgment asserts that plaintiff has failed to establish a prima face case for any of plaintiff's claims against defendants. The Court will address each claim separately.

**A.   Disparate Treatment on the Basis of Age by Jefferson County Department of Health**

Plaintiff complains of several employment decisions made by defendant Jefferson County Department of Health that were allegedly made on the basis of plaintiff's age. Under the ADEA, a plaintiff claiming disparate treatment has the burden of proving that age was a determining factor in the employer's adverse decision. Carter v. City of Miami, 870 F.2d 578, 581 (11th Cir. 1989). Initially, a plaintiff must establish of prima facie case in one of three ways: by meeting the four-pronged test set out for Title VII cases in McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973); by direct evidence of discriminatory intent; or through statistical proof. Carter, 870 F.2d at 581. Because plaintiff did not submit statistical or direct evidence, the

Court need only address the first method with respect to each challenged employment action.

### 1. Termination of Employment with Jefferson County Department of Health

Where the plaintiff has been discharged due to a reduction in force and was not replaced, the plaintiff must show (1) that plaintiff is a member of the protected age class; (2) that she was subject to adverse employment action; (3) that she was qualified for the position which she held at the time of discharge; and (4) "evidence by which a fact finder could reasonably conclude that the employer intended to discriminate on the basis of age in reaching that decision." Zaben v. Air Prods. & Chems., Inc., 129 F.3d 1453, 1457 (11th Cir. 1997). Defendant Jefferson County Department of Health argues that plaintiff has failed to produce evidence sufficient to support a conclusion that it intended to discriminate on the basis of age when it decided to terminate plaintiff.

Plaintiff's arguments to the Court focus on the conduct of Cooper Green Hospital, and there is no evidence before the Court from which a reasonable fact finder could infer that Jefferson County Department of Health terminated plaintiff's position because of her age. Rather, the evidence shows that, in

12

accordance with the Rules of the Personnel Board of Jefferson County, certain positions held by persons with the least seniority were eliminated. Plaintiff had the least seniority in her position as radiological technologist. Plaintiff was terminated because of her lack of seniority.

Rule 56(c) mandates the entry of summary judgment against a plaintiff who fails to make a showing sufficient to establish each element of its prima facie case. See <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 322 (1986). Plaintiff has not produced any evidence tending to show that she was terminated because of age rather than because of lack of seniority. For this reason, defendant Jefferson County Department of Health's motion for summary judgment is due to be granted on the disparate treatment claim based on plaintiff's termination.

2.  **Failure to Rehire Plaintiff as Medical Assistant or Radiological Technician**

Plaintiff contends that Jefferson County Department of Health failed to consider plaintiff for subsequent openings as radiologist technician and medical assistant because of plaintiff's age.[3] Plaintiff has failed to produce direct or

---

[3] Plaintiff's complaint contains allegations regarding these two positions. In her Reply to Defendant's Evidentiary Submission in Opposition to Motion for Summary Judgment,

13

statistical evidence to support her claim of disparate treatment. A plaintiff may establish a prima facie case with circumstantial evidence by proving that (1) plaintiff is a member of the protected age class; (2) he was subject to adverse employment action; (3) plaintiff was qualified for the position for which he was rejected; and (4) that position was filled by a younger individual. See Ramsey v. Chrysler First, Inc., 861 F.2d 1541, 1543 (11th Cir. 1988).

As to the medical assistant position, the undisputed evidence shows that plaintiff was not qualified for the position. The duties to be performed by the medical assistant required that the person successfully complete the examination to qualify as a certified medical assistant. Plaintiff never had met the minimum qualifications or held the necessary certification to be considered for the position of medical assistant. Because plaintiff cannot show that she was qualified for the position, plaintiff's claim based on Jefferson County Department of Health's failure to hire her as a medical assistant must fail.

---

plaintiff generally states that she was "qualified for numerous other positions" but does not set forth to which positions she refers. Because the only evidence before the Court relates to the positions of radiologist technician and medical assistant, the Court will address plaintiff's disparate treatment claim only as to those two positions.

Plaintiff also alleges in her complaint that there were two subsequent openings in the Jefferson County Department of Health for radiological technician for which she was not considered. Plaintiff submitted to the Court clippings from the September 29, 1996 and October 6, 1996 <u>Birmingham News</u> showing a solicitation for applications by Jefferson County Department of Health for senior radiological technicians. Plaintiff also submitted a job posting by the Personnel Board of Jefferson County, dated September 1996, for the position of radiological technologist.[4] There is no evidence before the Court as to (1) whether plaintiff actually applied for these positions or (2) whether a younger individual was selected for the positions. Because plaintiff has not satisfied her burden of production, Jefferson County Department of Health is entitled to judgment as a matter of law as to all claims of disparate treatment.

B.  **Retaliation Claim Against Jefferson County Department of Health and Cooper Green Hospital**

A "plaintiff alleging retaliation must establish a prima

---

[4] Plaintiff presented the clippings and job posting as evidence of a position available at Cooper Green Hospital. (Pl.'s "Motion in Opposition of Defendants['] Motion for Summary Judg[]ment.") Because the evidence relates to positions available at Jefferson County Department of Health, the Court will examine the evidence in light of plaintiff's claims against that entity only.

facie case by showing: (1) a statutorily protected expression; (2) an adverse employment action[5], and (3) a causal link between the protected expression and the adverse action." Hairston v. Gainesville Sun Publ'g Co., 9 F.3d 913, 919 (11th Cir. 1993). Plaintiff contends that Jefferson County Department of Health discharged plaintiff and Cooper Green Hospital refused to accept a transfer of plaintiff because defendants believed plaintiff was associated with and supportive of Addie Jackson, the Chief Radiologist at Cooper Green Hospital.

Statutorily protected expressions under the ADEA include opposition to unlawful practices and participation in investigations, proceedings, or litigation involving age discrimination. 29 U.S.C. § 623(d). Plaintiff refers to her association with Jackson, the supervisor of Cooper Green Hospital's radiology department who mistakenly informed plaintiff of an opening at Cooper Green Hospital, as the reason for defendants' adverse employment decisions. There is no evidence tending to show that plaintiff or Jackson complained about

---

[5] The parties dispute whether plaintiff was ever actually hired by Cooper Green Hospital and thus whether the hospital's conduct constituted an "adverse employment action." The Court need not address this issue, as there are other reasons for entering judgment as a matter of law in favor of Cooper Green Hospital.

unlawful practices by either defendant until plaintiff filed an EEOC Charge against defendants in February and March of 1997 and Jackson filed an EEOC Charge against Cooper Green Hospital in April of 1997. The decisions of which plaintiff complains were made in September of 1996, several months before the charges were filed. An association with an employee is not a protected expression; alternatively, there is no causal link between the protected expression of filing an EEOC charge and a prior adverse employment action. See generally Goldsmith v. City of Atmore, 996 F.2d 1155, 1163 (11th Cir. 1993) (noting that the causal link element requires the decision maker's knowledge of the protected activity at the time the adverse employment decision is made). Because plaintiff cannot establish a prima facie case, defendants are entitled to judgment as a matter of law on the claims of retaliation.[6]

---

[6] Even if plaintiff could establish a prima facie case, defendants would nonetheless entitled to judgment as a matter of law on the retaliation claims. Once a plaintiff establishes a prima facie case, the employer must proffer a legitimate, nondiscriminatory reason for the adverse employment action. Holifield v. Reno, 115 F.3d 1555, 1566 (11th Cir. 1997); EEOC v. Reichhold Chems., Inc., 988 F.2d 1564, 1571-72 (11th Cir. 1993). If the employer offers legitimate reasons for the action, the plaintiff must then demonstrate that the proffered explanation is a pretext for retaliation. Holifield, 115 F.3d at 1566. The evidence establishes that Jefferson County Department of Health's decision was based on a valid, nondiscriminatory reduction in

In summary, the Court finds that no material issues of fact remain and that defendants Jefferson County Department of Health and Cooper Green Hospital are entitled to judgment as a matter of law as to all claims asserted by plaintiff. A separate order will be entered.

DONE this 18th day of March, 1999.

                                          /s/ James H. Hancock
                                    SENIOR UNITED STATES DISTRICT JUDGE

---

force and that Cooper Green Hospital's decision was based on the lack of an available position. Plaintiff has offered no evidence tending to show that these justifications are a mere pretext for retaliation.